UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS ARIAS-ALIAGA,

Petitioner,

v.

CHARLES GREEN,

Respondent.

Civil Action No. 17-5568 (MCA)

MEMORANDUM OPINION

This matter has been opened to the Court by Petitioner's filing of a Petition for a writ of habeas corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241. For the reasons explained in this Memorandum Opinion, the Court will deny the petition without prejudice under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court recounts only the facts necessary to this Petition, which are taken from Respondent's Answer and relevant record.[1] (ECF Nos. 6-7.) Petitioner, a native and citizen of Venezuela, is a lawful permanent resident, who was admitted into the United States on July 17, 2008. (*See* ECF No. 7-1, Ex. A – Oral Decision of the Immigration Judge at 2.) On March 20 2015, Petitioner was convicted for burglary and received a sentence of six years. (*Id.*) On May 7, 2015, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") that charged Petitioner as removable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (*Id.* at 1.)

On May 22, 2017, the Immigration Judge denied Petitioner's applications of relief and ordered him removed to Venezuela. (*Id.* at 11.) On October 6, 2017, the Board of Immigration

---

[1] In the initial Answer, Respondent neglected to attach the exhibits; however, Respondent filed copies of the exhibits on February 1, 2018. (*See* ECF No. 7.)

1

Appeals dismissed the appeal and affirmed the Immigration Judge's decision. (ECF No. 7-2, Ex. B – Decision of the Board of Immigration Appeals.) It appears that Petitioner has not appealed the BIA decision to the court of appeals or received a stay.

Once a removal order becomes administratively final, an alien's detention is governed by 8 U.S.C. § 1231. Under section 1231(a), following the entry of the final removal order, the Government has 90 days to remove an alien from the United States. *See* 8 U.S.C. § 1231(a)(1)(A)-(B). The Government must detain an alien with a final order of removal during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the [90-day] removal period, the Attorney General shall detain the alien."). The Supreme Court has held that detention during the 90-day removal period is reasonable and constitutional. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, [ ] aliens must be held in custody. § 1231(a)(2).").

In *Zadvydas*, the Supreme Court further held that section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the 90-day removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *See Zadvydas*, 533 U.S. at 689. The Court recognized six months as a "presumptively reasonable period" of post-removal order detention. *Id.* at 701. If, after the 6–month period expires, the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *See id.*

Petitioner is currently detained under a final order of removal pursuant to 8 U.S.C. § 1231(a)(1), and his detention is governed by *Zadvydas*. His Order of Removal became administratively final on October 6, 2017, and the presumptively reasonable period to remove

2

him from the United States does not expire until April 6, 2018. As such, the Petition is subject to dismissal without prejudice under *Zadvydas*. The dismissal is without prejudice to Petitioner's filing of a <u>new petition</u> if he is not removed within the six-month presumptively reasonable removal period and his removal is not reasonably foreseeable. An appropriate Order follows.

2/8/18

Madeline Cox Arleo, District Judge
United States District Court